**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELMER SQUARE, | Civil Action No. 08-3928 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| GEORGE HAYMAN, et al., | |
| Defendants. | |

**APPEARANCES**

Elmer Square, Pro Se, #208612
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER, District Judge**

Plaintiff, Elmer Square, who is currently incarcerated, seeks to bring this action alleging constitutional violations in forma pauperis, without prepayment of fees.  Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed as time-barred.

**BACKGROUND**

Plaintiff alleges that on December 11, 2005, he (1) was assaulted by corrections officers, (2) was badly injured, (3) required hospitalization, surgery, and physical therapy, and (4) has permanent damage to his left arm as a result of the assault. Plaintiff files this complaint alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment, and asks for monetary damages.

**DISCUSSION**

**A.  Standard of Review**

The Court, in determining a complaint's sufficiency, must construe the facts stated therein liberally in the plaintiff's favor.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court, while accepting well-pled allegations as true, will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader

is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007) (quotes and cite omitted). "[T]he pleading standard can be summed up thus: stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (cites, quotes, and alterations omitted).

**B.  42 U.S.C. § 1983**

A plaintiff, to establish a cause of action under 42 U.S.C. § 1983, must show that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  Plaintiff's Claims Will Be Dismissed**

The incident at issue occurred on December 11, 2005. The complaint was signed on July 28, 2008.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of

a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The Court — even though the statute of limitations is an affirmative defense that may be waived by a defendant — may dismiss sua sponte a pro se civil rights claim where untimeliness is apparent from the complaint. See Hunterson v. Disabato, 244 Fed.Appx. 455, 457 (3d Cir. 2007); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations. See Wallace v. Kato, 127 S. Ct. 1091, 1094 (2007). Here, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson v. Garcia, 471 U.S. 261, 269 (1985).

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling due to minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling due to nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or

4

tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting rights, or has timely asserted rights mistakenly either by defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J.Super. 11, 31 (App. Div.), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Plaintiff's claims against all defendants here, according to the allegations of the complaint, accrued on December 11, 2005, the date of the alleged assault.[1]  His complaint is dated July

---

[1] "A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the

28, 2008, more than two years later.[2] Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Thus, Plaintiff's claims appear to be time-barred and will be dismissed. Plaintiff may move to reopen the action within 45 days of the date of entry of the related order and judgment, to allege facts indicating that his claims should be tolled, if he so chooses.

## CONCLUSION

The complaint will be dismissed. The Court will file an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:    October 3, 2008

---

existence of and source of an injury." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996).

[2] Although the complaint was received by the Clerk of the Court on August 1, 2008, the complaint was signed and dated by Plaintiff on July 28, 2008. Therefore, the July date is the date utilized in assessing whether Plaintiff has met the statute of limitations. See Houston v. Lack, 487 U.S. 266 (1988) (providing that date a prisoner delivers legal filing to prison authorities for mailing is considered to be date of court filing); see also Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). In this case, however, the complaint remains untimely using either date.